IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD A. CHICHAKLI, | § |
| | § |
|    Plaintiff, | § |
| | § |
| v. | § No. 3:21-cv-01795-C-BT |
| | § |
| PARK LANE TOWNHOMES | § |
| HOMEOWNERS ASSOCIATION and | § |
| THE PRINCIPAL MANAGEMENT | § |
| GROUP OF NORTH TEXAS - ASSOCIA, | § |
| | § |
|    Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Park Lane Townhomes Homeowners Association (the "HOA") and The Principal Management Group of North Texas - Associa's (Associa's) joint Motion to Dismiss Plaintiff Richard Chichakli's *pro se* Complaint. MTD (ECF No. 9). For the reasons explained in these Findings, Conclusions, and Recommendation, the Court should GRANT Defendants' Motion, DISMISS Chichakli's federal claims for failure to state a claim, and decline to exercise supplemental jurisdiction over his state-law claims.

**Background**

This lawsuit arises out of a dispute, or series of disputes, between Chichakli and the HOA that governs the Park Lane Townhomes condominium project in Dallas, Texas (the "project"), and its management company, Associa. *See generally* Compl. (ECF No. 3); *see also generally* Pl.'s Exs. (ECF No. 3-1).

1

Chichakli alleges that he purchased a condominium in the project on December 4, 2020. Almost immediately thereafter, he started having problems with the HOA and Associa. For example, Chichakli alleges Defendants failed to provide him with keys for several weeks to the laundry room, mailroom, and other common areas, thus depriving him of full access to the project. Compl. ¶ 14. Defendants also allegedly failed to promptly process his application for a parking permit, and his car was towed because he did not have a permit. *Id.* ¶¶ 29-30, 32-33, 60.

On December 22, 2020, Chichakli threatened to sue Defendants for the charges he incurred when his car was towed. *Id.* ¶¶ 32-33; Pl.'s Exs. 25. Defendants allegedly required Chichakli to communicate with the HOA's lawyer and charged the lawyer's "cost of defense against [Chichakli's] unit as a special individual assessment." *Id.*

In January 2021, Chichakli inspected some HOA records and learned the HOA allegedly borrowed funds in 2016 to pay for repairs that should have been covered by insurance proceeds. *Id.* at 9-10; *see* Compl. ¶¶ 20-21, 34, 36, 50-51. Defendants also allegedly selected workers to make the repairs without going through the competitive bid process outlined in the HOA rules. *Id.* ¶¶ 67, 69-70. Chichakli further claims the improperly selected workers are related to Defendants. *Id.*

After reviewing his HOA account-balance statement in June 2021, Chichakli told Defendants they failed to record all of his payments, incorrectly applied a late

2

fee, and charged him incorrectly in general. *Id.* ¶¶ 38-39; Pl.'s Exs. 33-34. Counsel for Defendants responded and offered to correct the ledger if Chichakli would provide proof of payment. *Id.* at 38. After reviewing Chichakli's evidence, counsel advised him that the monthly assessments were paid in full but there was a small balance that included a late fee, a handling fee, and a legal fee. *Id.* at 44.

On August 1, 2021, Defendants sent Chichakli an email advising him that they had not received an April 2021 special assessment and to remind him that monthly assessments were increasing 18% on August 1. *Id.* at 45. Chichakli alleges Defendants never notified him of the special assessment and the monthly assessment increases. *Id.*

Based on these facts, Chichakli filed this lawsuit on August 3, 2021. By his Complaint, Chichakli asserts claims against Defendants for (1) violations of his rights under the Fifth Amendment to the U.S. Constitution and Section 19 of the Texas Constitution; (2) violations of the Racketeer Influenced and Corrupt Organizations Act (RICO); (3) violations of "federal postal law;" and (4) violations of his rights under the First Amendment to the U.S. Constitution and the Texas Citizens Participation Act (TCPA). Compl. ¶ 1; *see id.* ¶¶ 54-79. Chichakli also vaguely refers to other causes of action, including conspiracy, *id.* ¶ 1; violations of his rights under the Fourth Amendment to the U.S. Constitution, *id.* ¶¶ 1, 7, 53; the Texas Property Code, *id.* ¶ 53, 76-77; and the Texas Uniform Condominium Act, *id.* He alludes to being part of a "class" of HOA members. *Id.* ¶¶ 49, 64, 68. He also mentions tax fraud, insurance fraud, and falsification of records. *Id.* ¶¶ 1, 63, 65.

Defendants timely filed their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. MTD (ECF No. 9); Br. (ECF No. 19). Succinctly stated, Defendants argue Chichakli's constitutional claims fail because they are not government actors; his statutory claims fail because the statutes on which he relies do not provide for a private right of action; and Chichakli failed to allege sufficient facts to support his other claims for relief. Chichakli filed a Response, and Defendants filed a Reply. Resp. (ECF No. 12); Reply (ECF No. 13). The Motion is fully briefed and ripe for determination.

## Legal Standards

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). "Dismissal is proper only if there is either: (1) the lack of a cognizable legal theory, or (2) the absence of sufficient facts alleged under a cognizable legal theory." *S&W Enters., LLC v. SouthTrust Bank, N.A.*, 2001 WL 238095, at *4 (N.D. Tex. Mar. 6, 2001) (Lindsay, J.) (quoting *Stewart Glass & Mirror, Inc. v. U.S.A.*

*Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

Although the courts construe *pro se* litigants' pleadings liberally, *pro se* parties are not exempt from complying with the relevant rules of procedural and substantive law.¹ *U.S. Bank, N.A. v. Richardson*, 2018 WL 5722680, at *3 (N.D. Tex. July 30, 2018) (Rutherford, J.) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law . . . . Rather, such

---

¹ While he is proceeding *pro se*, Chichakli is no stranger to federal court. He has filed at least a dozen other lawsuits in the last decade. *See, e.g.*, *Chichakli v. United States*, 2019 WL 7403955 (N.D. Tex. Dec. 18, 2019) (Rutherford, J.), *rec. adopted*, 2020 WL 30374 (N.D. Tex. Jan. 2, 2020) (Cummings, J.) (dismissed), *aff'd*, 803 F. App'x 781 (5th Cir. 2020); *Chichakli v. United States*, 141 Fed. Cl. 633 (2019) (dismissed); *Chichakli v. Cheatham*, 2018 U.S. Dist. LEXIS 14404 (S.D. Fla. Jan. 26, 2018), *rec. adopted*, 2018 U.S. Dist. LEXIS 23465 (S.D. Fla. Feb. 12, 2018) (dismissed); *Chichakli v. Obama*, 2014 WL 6755680 (D.D.C. 2014), *vacated*, 617 F. App'x 3 (D.C. Cir. 2015), *remanded to Chichakli v. Trump*, 242 F. Supp. 3d 45 (D.D.C. 2017) (dismissed), *aff'd*, 714 F. App'x 1 (D.C. Cir. 2017) (per curiam); *Chichakli v. Samuels*, 2017 U.S. Dist. LEXIS 159964 (W.D. Okla. Aug. 15, 2017), *rec. adopted*, 2017 WL 4284564 (W.D. Okla. Sept. 27, 2017) (dismissed in part), *dism'd sub nom. Chichakli v. Gerlach*, 2018 WL 3625840 (W.D. Okla. July 30, 2018); *Chichakli v. Kerry*, 203 F. Supp.3d 48 (D.D.C. 2016) (dismissed), *aff'd sub nom. Chichakli v. Tillerson*, 882. F.3d 229 (D.C. Cir. 2017); *Chichakli v. Grondolsky*, 2016 WL 7209665 (D. Mass. Dec. 12, 2016) (dismissed); *Chichakli v. Wyatt*, 2016 WL 4257562 (W.D. Okla. Aug. 12, 2016) (dismissed); *Chichakli v. McDonald*, 2016 U.S. App. Vet. Claims LEXIS 358 (Mar. 11, 2016); *Chichakli v. United States*, 2015 U.S. Claims LEXIS 249 (Mar. 10, 2015); *United States v. Chichakli*, 2014 WL 5369424 (S.D.N.Y. Oct. 16, 2014) (denying motion for a judgment of acquittal or new trial); *Chichakli v. Szubin*, 2007 WL 9711515 (N.D. Tex. June 4, 2007) (Godbey, J.) (dismissed), *aff'd in part and vacated in part*, 546 F.3d 315 (5th Cir. 2008).

a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted)).

## Analysis

In his Compliant, Chichakli asserts four enumerated claims against Defendants: (1) Defendants deprived him of access to the project's common areas thus violating the Fifth Amendment to the U.S. Constitution and Section 19 of the Texas Constitution; (2) Defendants engaged in fraud and stole HOA funds in violation of RICO; (3) Defendants withheld and "blockaded" his mail by depriving him access to the project's mailroom in violation of "federal postal law;" and (4) Defendants retaliated against him for bringing this lawsuit in violation of the First Amendment to the U.S. Constitution and the TCPA. Compl. ¶ 1; *see id.* ¶¶ 54-79.

The Court addresses his federal claims first and pretermits consideration of his state law claims because all the federal claims should be dismissed. The Court does not consider any claims Chichakli raises for the first time in his Reply.

    a. <u>Chichakli fails to state a claim against Defendants for a violation of his Fifth Amendment rights.</u>

Among its protections, the Fifth Amendment protects citizens from deprivation of property by the federal government: "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. "The Fifth Amendment's guarantee that private property shall not be taken for

7

a public use without just compensation was designed to bar *Government* from forcing some people alone to bear public burdens[.]" *Armstrong v. United States*, 364 U.S. 40, 49 (1960) (emphasis added).

Here, Chichakli alleges Defendants deprived him access to the project's common areas, mailroom, and designated parking for 17 days. But he does not allege facts to show that either the HOA or Associa is a federal government actor. Accordingly, Chichakli fails to state a claim against Defendants for a violation of his Fifth Amendment rights. The Court should dismiss Chichakli's Fifth Amendment claim.

 b. <u>Chichakli failed to plead facts necessary to establish a RICO claim.</u>

RICO is a criminal statute targeted at the infiltration of organized crime into legitimate businesses. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). However, RICO allows for civil enforcement at 18 U.S.C. § 1964(c). To be entitled to relief in a RICO civil action, a plaintiff must show a violation of 18 U.S.C. § 1962. *See* 18 U.S.C. § 1964(c). Section 1962 makes it unlawful for any person who has received any income derived from a pattern of racketeering activity to use or invest that income in activities [that affect] interstate or foreign commerce. 18 U.S.C. § 1962(a). It also makes it unlawful for any person to acquire any interest or control through a pattern of racketeering in any enterprise that is engaged in interstate or foreign commerce. 18 U.S.C. § 1962(b).

To establish a pattern of racketeering activity, a plaintiff must allege facts that show the violation of two or more predicate acts of racketeering activity

8

enumerated in 18 U.S.C. § 1961(1). *See In re Burzynski*, 989 F.2d 733, 741-42 (5th Cir. 1993). Only those federal statutes specifically listed in section 1961(1) qualify as predicate acts for purposes of establishing a pattern of racketeering activity. *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 777 (N.D. Tex. 2014) (Robinson, J.); *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1002 (S.D. Tex. 1995) ("Any act that does not fall within the purview of RICO's definition of predicate offenses is not an act of 'racketeering activity.'").

Here, Chichakli alleges Defendants violated RICO by colluding to defraud him through tax, insurance, and accounting-record fraud. These acts are not predicate offenses defined in RICO. Therefore, Chichakli fails to identify or allege any predicate acts to state a RICO claim, and the Court should dismiss Chichakli's RICO claim.

To the extent Chichakli attempts to assert some other violation of federal law in his second claim, his claim should be dismissed because the statutes he references do not create a private right of action. For example, Chichakli references violations of the Internal Revenue Code, 26 U.S.C. § 166. But § 166 does not contain a private right of action. Rather, enforcement of the Internal Revenue Code is generally left to the federal government. *See* 26 U.S.C. § 7801 ("Except as otherwise expressly provided by law, the administration and enforcement of this title shall be performed by or under the supervision of the Secretary of the Treasury."). Chichakli also references Title 18 of the United States Code. Section 1001 of Title 18 makes certain statements and acts "in any matter within the

9

jurisdiction of the executive, legislative, or judicial branch of the Government of the United States" punishable. 18 U.S.C. § 1001. But § 1001 does not provide a private right of action. *See Greenway v. Mortg. Rsch. Ctr., LLC*, 2019 WL 1930262, at *9 (S.D. Tex. Apr. 30, 2019); *see also Thompson v. Wells Fargo Bank, N.A.*, 2016 WL 164114, at *3 (S.D. Tex. Jan. 14, 2016); *Hunter v. Martinez*, 2008 WL 3895969, at *2 (N.D. Tex. Aug. 20, 2008) (Boyle, J.). Finally, to the extent Chichakli claims that he belongs to a class, he fails to plead any of the prerequisites for a class action, and he is not a lawyer and therefore not qualified to represent a class. *Ali v. Immigr. & Customs Enf't*, 2017 WL 881102, at *2 (N.D. Tex. Feb. 2, 2017) (Frost, J.), *rec. adopted*, 2017 WL 880866 (N.D. Tex. Mar. 3, 2017) (Cummings, J.).

    c. <u>Chichakli cannot state a claim against the HOA for withholding his mail</u>.

Federal law makes it illegal for a person to steal, take, abstract, unlawfully possess, or buy stolen mail of another person. *See generally* 18 U.S.C. 1708 (titled "[t]heft or receipt of stolen mail matter generally"). But there is no private cause of action under these criminal statutes. *Gunner v. Publisher's Bus. Servs.*, 2002 U.S. LEXIS 1748, at *4 (N.D. Tex. Feb. 5, 2002) (Averitte, J.) (citing *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977)), *rec. adopted*, 2002 U.S. Dist. LEXIS 3418 (N.D. Tex. Feb. 28, 2002) (Robinson, J.).

Here, Chichakli alleges Defendants violated 18 U.S.C. § 1708 by failing to timely give him his key to the mailroom. Chichakli cannot enforce criminal laws that do not allow citizens a private right of action. The Court should dismiss

Chichakli's claim that the HOA violated federal postal law by withholding his key to the mailroom.

### d. The HOA did not violate Chichakli's free-speech rights.

Chichakli claims Defendants violated his constitutional rights under the First Amendment because, according to Chichakli, he has "his constitutional right to bring matters of dispute into a court of law, a[s] guaranteed . . . under the First Amendment of the United States Constitution." Compl. ¶ 75. Chichakli further alleges Defendants "obstruct justice, by threatening retaliation against [him] in violation of his guaranteed right under the First Amendment of the United States to pursue [a] legal proceeding against [them] in a court of law." Compl. ¶ 7. According to Chichakli, Defendants:

> deliberately, through the[ir] law firm[,] used as frontage for their activities, threatened to retaliate against [him] by taking his home and eliminat[ing] the economic value of his property by issuing [a] special assessment against his property if the plaintiff pursues [a] legal proceeding in a court of law against [them]; in clear violation of Section 1513 of Title 18 . . . [the HOA] have already furthered their threat in violation of 18 U.S.C. §[]1512 and §[]1513 by assessing [a] fine against plaintiff[']s property for communicating with [defendants'] frontage law firm concerning the theft of plaintiff's fund[s] by [the HOA].

Compl. ¶ 53. Thus, Chichakli appears to assert Defendants violated his First Amendment rights and any guarantees under 18 U.S.C. §§ 1512 and 1513 when they retaliated against him by assessing him legal fees when he communicated with their lawyer. *See id.*; *see also* Pl.'s Exs. 44.

11

The First Amendment of the U.S. Constitution guarantees freedoms concerning religion, expression, assembly, and the right to petition. U.S. Const. amend. I. It forbids *Congress* from both promoting one religion over others and also restricting an individual's religious practices. *Id.* It guarantees freedom of expression by prohibiting *Congress* from restricting the press or the rights of individuals to speak freely. *Id.* It also guarantees the right of citizens to assemble peaceably and to petition their *government*. *Id.* But again, Defendants are not government actors. Therefore, they could not violate Chichakli's First Amendment rights. Accordingly, Chichakli's First Amendment claim should be dismissed.

Furthermore, 18 U.S.C. § 1512 prohibits specific conduct comprising various forms of coercion of witnesses. And 18 U.S.C. § 1513 prohibits conduct comprising various forms of retaliation against witnesses. However, 18 U.S.C. §§ 1512 and 1513 do not support private-right causes of action. *See McCollum v. Henschel*, 2021 WL 5762806, at *3 (N.D. Tex. Oct. 18, 2021) (Toliver, J.), *rec. adopted*, 2021 WL 5761036 (N.D. Tex. Dec. 3, 2021) (Godbey, J.); *Leal v. Hidalgo County*, 2008 WL 11391657, at *2-3 (S.D. Tex. Apr. 23, 2008) (cases collected). Accordingly, Chichakli cannot allege a private right of action against Defendants under 18 U.S.C. §§ 1512 and 1513. Additionally, Chichakli failed to allege any facts that show he is a witness in a federal proceeding or investigation, or that Defendants hindered, delayed, or prevented his communication of information to anyone. Hence, the Court should dismiss Chichakli's claims that the HOA violated his free-speech guarantees under the First Amendment and 18 U.S.C. §§ 1512 and 1513.

  e. <u>The Court should dismiss Chichakli's federal claims with prejudice.</u>

 Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, C.J.); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

 Here, amendment would be futile. Chichakli has not identified any federal cause of action he could assert in good faith against Defendants, who are not

federal actors. Indeed, Chichakli has not intimated that he can amend his Complaint to cure the deficiencies noted above. The Court should find that Chichakli has presented his best case based on the facts provided by his Complaint. Neither his factual allegations nor his legal theories are sufficient to state any legally cognizable federal claim. Therefore, Chichakli's federal claims should be dismissed with prejudice.

    f.  <u>The Court should decline to exercise supplemental jurisdiction over any remaining state-law claims and dismiss those claims without prejudice</u>.

In the Fifth Circuit, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law claims are eliminated before trial . . . ." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citing *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)); *see also Parker & Parsley Petroleum Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989))). Further, when the federal claims are dismissed at an early stage of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

As explained above, the Court should dismiss all of Chichakli's federal claims. The Court also should decline to exercise supplemental jurisdiction over

any remaining state-law claims, including any claims by Chichakli that Defendants violated Section 19 of the Texas Constitution and the TCPA. The Court should dismiss Chichakli's state-law claims without prejudice.

## Recommendation

The Court should GRANT Defendants' Motion to Dismiss, (ECF No. 9); DISMISS with prejudice Chichakli's federal claims under Rule 12(b)(6) for failure to state a claim; decline to exercise its supplemental jurisdiction over Chichakli's state-law claims; and DISMISS the state-law claims without prejudice.

**SO RECOMMENDED**.

February 8, 2022.

                                               REBECCA RUTHERFORD
                                               UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).